# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOB BARR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM F. GALVIN, as he is SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendant. | CIVIL ACTION <br> NO. 08-11340-NMG |

## ANSWER

Defendant William F. Galvin, Secretary of the Commonwealth of Massachusetts ("Secretary"), as his Answer to the Complaint, states as follows.

1-2.  The allegations in paragraphs 1 and 2 merely describe the nature of the relief sought and accordingly require no response.

3-4.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4.

5.  The Secretary avers that, in an email dated July 31, 2007, attached as Exhibit A to the Complaint, George Phillies attempted to communicate with the Elections Division, but the Elections Division did not receive that email, which was incorrectly addressed, until September 2007, when the July 2007 email was forwarded to the Elections Division, as reflected in an email string attached as Complaint Exhibit A.  In further response, the Secretary avers that the July 2007 email speaks for itself.

6.  The Secretary denies the allegations in paragraph 6 and avers that an attorney in the Elections Division responded to the July 2007 email referred to in paragraph 5, in an email dated

October 26, 2007, which is included within an email string attached as Complaint Exhibit A and which speaks for itself.

7.  The Secretary denies the allegation in paragraph 7 that the Elections Division gave "advice" to plaintiffs Libertarian Party of Massachusetts ("LPM") and Libertarian National Committee ("LNC").  The Secretary admits the allegation that nominating papers were circulated identifying George Phillies and Chris Bennett as candidates for President and Vice President; avers that those nominating papers identified the candidates' political designation as "Libertarian"; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the LPM and LNC were the entities that circulated the nominating papers; and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs circulated nomination papers "[a]s a result of" any communication by the Elections Division.

8.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.  The Secretary denies the allegation that the "LPM and LNC" contacted the Elections Division and avers that George Phillies communicated with the Elections Division, in an email dated May 29, 2008, regarding whether the name of a candidate could be "substituted" on the ballot.  The Secretary further avers that the email (attached as Exhibit 2 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction) speaks for itself.

10.  The Secretary avers that the Elections Division set forth its position regarding "substitution" of candidates, in a letter dated June 5, 2008 (attached as Complaint Exhibit B), in an email communication dated June 13, 2008 (attached as Exhibit 9 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction), and in a letter to plaintiffs' counsel

dated July 28, 2008 (attached as Complaint Exhibit C), all of which speak for themselves.  The Secretary otherwise denies the allegations in paragraph 10.

11.  The allegations in paragraph 11 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.  In further response, the Secretary avers that he previously determined that, due to Barr's and Root's failure to comply with Massachusetts' ballot access provisions, the names of Barr and Root should not appear on the general election ballot.  The Secretary further avers that, as a result of a preliminary injunction entered by the Court on September 22, 2008, the names of Barr and Root will appear on the ballot.

12.  The allegations in paragraph 12 constitute legal conclusions and characterize the relief sought and accordingly require no response, but, to the extent that any response is required, the Secretary denies the allegations.

13-14.  The allegations in paragraphs 13 and 14 are legal conclusions, which require no response.

15-16.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15 and 16.

17.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.  The Secretary admits that he is Secretary of the Commonwealth and that he resides in Brighton, Massachusetts.  The remaining allegations in paragraph 18, concerning the responsibilities of the Secretary, constitute legal conclusions, which require no response.

19.  The Secretary admits that there are statutes in Massachusetts governing ballot access, and the Secretary avers that those statutes speak for themselves.

20-24.  The allegations in paragraphs 20 through 24 constitute legal conclusions, which require no response, except the allegation that the deadline for filing nominating papers this year was July 29, 2008, which allegation the Secretary admits.  To the extent that any further response is required, the Secretary avers that the statutory provisions referred to in paragraphs 20-24 speak for themselves.

25-30.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25-30.

31.  The allegation in paragraph 31 characterizing Massachusetts statutes constitutes a legal conclusion, which requires no response.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which concern the motives of LPM, except as to the allegation that LPM "sought advice" from the Secretary; as to the latter allegation, the Secretary refers to and incorporates its response to paragraph 9 above.

32.  The Secretary avers that, in an email dated July 31, 2007, attached as Complaint Exhibit A, George Phillies attempted to communicate with the Elections Division, but the Elections Division did not receive that email, which was incorrectly addressed, until September 2007, when the July 2007 email was forwarded to the Elections Division, as reflected in additional emails included in Complaint Exhibit A.  In further response, the Secretary avers that the July 2007 email speaks for itself.

33-35.  In response to the allegations in paragraph 33 through 35, the Secretary refers to the July 2007 email, attached as Complaint Exhibit A, which speaks for itself.

36.  The Secretary avers that, because the July 2007 email of George Phillies referred to in paragraphs 35-36 was incorrectly addressed, the Elections Division did not receive that email until September 2007, when the July 2007 email was forwarded to the Elections Division, as

reflected in an email string attached as Complaint Exhibit A. The Secretary admits that an attorney in the Elections Division thereafter sent an email to George Phillies, dated October 26, 2007, and the Secretary avers that the email, which is also included within the email string attached as Complaint Exhibit A, speaks for itself.

37. The Secretary admits that nominating papers identifying Phillies and Bennett as Presidential and Vice Presidential candidates were circulated, but the Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs LPM and LNC were the entities that circulated the papers. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning LPM and LNC acting "[i]n reliance" on the Elections Division.

38-40. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 through 40.

41. The Secretary admits that, on or about August 13, 2008, nomination papers for electors of President and Vice President, identifying George Phillies and Chris Bennett as candidates for President and Vice President, were filed with the Elections Division, and the Secretary admits that those papers contained a sufficient number of certified signatures. The Secretary denies the remaining allegations in paragraph 41.

42. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43-44. The Secretary admits that George Phillies contacted the Elections Division in an email dated May 29, 2008, and the Secretary avers that the email (which is attached as Exhibit 2 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction) speaks for itself.

45-46.  The Secretary admits that the Elections Division responded to Mr. Phillies, in a letter dated June 5, 2008, and the Secretary avers that the letter (which is attached as Complaint Exhibit B) speaks for itself.  The Secretary denies the remaining allegations in paragraphs 45 and 46.

47-49.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 through 49.

50.  In response to the allegations in paragraph 50, the Secretary refers to the letter dated June 5, 2008, which is attached as Complaint Exhibit B, and which speaks for itself.

51.  The allegation in paragraph 51 concerning a "severe burden" on plaintiffs is a legal conclusion, which requires no response but, to the extent that any response is required, the Secretary denies the allegation.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52.  The Secretary denies the allegation that it "reversed its position."  In further response, the Secretary admits that it received an email from Sean Haugh, dated June 11, 2008 and the Secretary admits that it responded to Mr. Haugh's email, in an email dated June 13, 2008 (attached as Exhibit 9 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction), both of which emails speak for themselves.

53.  The Secretary denies that it made a "mistake," as alleged in paragraph 53.  In further response, the Secretary admits that it received a letter from counsel for plaintiffs, dated July 24, 2008, and the Secretary avers that the letter (which is attached as Exhibit 8 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction) speaks for itself.  The Secretary admits that the Elections Division responded to the July 24 letter, in a letter dated July 28, 2008, which is attached as Complaint Exhibit C and which speaks for itself.

54-55.  The allegation concerning a "burden" on plaintiffs LPM and LNC is a legal conclusion which requires no response but, to the extent that any response is required, the Secretary denies the allegation.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 54 and 55.

56.  The Secretary denies the allegations in paragraph 56.

57.  The Secretary admits that in 2004, signatures were collected on behalf of Ralph Nader.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58.  The Secretary denies the allegations in the first sentence of paragraph 58.  The Boston Globe article quoted in the second sentence in paragraph 58 (which is attached as Exhibit 7 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction) speaks for itself.

59.  The Secretary denies the allegations in paragraph 59.  In further response, the Secretary avers that, in 2000, the Elections Division allowed the "substitution" of a "Reform Party" vice presidential candidate selected at a convention in August, after the deadline for submission of nomination papers to local election officials.

60.  The Secretary denies the allegations in paragraph 60.

61.  In response to the allegations in paragraph 61, the Secretary avers that the 1995 letter from the Elections Division referred to in paragraph 61, attached as Complaint Exhibit D, speaks for itself.

62.  In response to the allegations in paragraph 62, the Secretary avers that he has allowed "substitution" of candidate names in very limited circumstances and based on facts not present

here, as for example in 2000, as discussed in paragraph 59 above.  The Secretary otherwise denies the allegations in paragraph 62.

63. The allegations in paragraph 63 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

64. The allegations in paragraph 64 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

65. The Secretary denies the allegations in paragraph 65.

66. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67-68. In response to the allegations in paragraphs 67-68, the Secretary avers that he previously determined that, due to Barr's and Root's failure to comply with Massachusetts' ballot access provisions, the names of Barr and Root should not appear on the general election ballot.  The Secretary further avers that, as a result of a preliminary injunction entered by the Court on September 22, 2008, the names of Barr and Root will appear on the ballot.

69. The allegations in paragraph 69 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary refers to the Supreme Court cases cited, which speak for themselves.

70. The allegations in paragraph 70 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

71. The allegations in paragraph 71 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations. In further response, the Secretary avers that the Supreme Court case cited speaks for itself.

72. The allegations in paragraph 72 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

73. The allegations in paragraph 73 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary avers that the Supreme Court case cited speaks for itself.

74. The allegations in paragraph 74 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

75. The allegations in paragraph 75 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

76. The allegations in paragraph 76 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

77. The allegations in paragraph 77 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

78. The allegations in paragraph 78 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.  In further response, the Secretary avers that the Supreme Court case cited speaks for itself.

79. The allegations in paragraph 79 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

80. The allegations in paragraph 80 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

81. The allegations in paragraph 81constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

82. The allegations in paragraph 82 constitute legal conclusions, which require no response but, to the extent that any response may be required, the Secretary denies the allegations.

83. Paragraph 83 sets forth the relief sought and accordingly requires no response.

First Defense

The Complaint fails to state a claim upon which relief may be based.

Second Defense

Plaintiffs are not entitled to the relief that they seek in the Complaint, because Barr and Root failed to comply with Massachusetts' ballot access requirements.

<u>Third Defense</u>

To the extent that the Complaint seeks to declare or enforce state law against state officials, such relief is barred by the Eleventh Amendment to the United States Constitution.

SECRETARY OF THE COMMONWEALTH
OF MASSACHUSETTS,

By his attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Amy Spector
Amy Spector, BBO No. 557611
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 727-2200, ext. 2076
amy.spector@state.ma.us

October 2, 2008

<u>Certificate of Service</u>

I hereby certify that the above Answer was filed through the Electronic Case Filing (ECF) system on October 2, 2008, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF); paper copies will be served by first-class mail, postage pre-paid, to those indicated on the NEF as non-registered participants.

/s/ Amy Spector
Amy Spector