UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOB BARR, et al.,<br><br>                       Plaintiffs,<br><br>v.<br><br>WILLIAM F. GALVIN, as he is SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>                       Defendant. | CIVIL ACTION<br>NO. 08-11340-NMG |

## SECRETARY'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.1, defendant William F. Galvin, Secretary of the Commonwealth ("Secretary") responds to Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Statement") as follows.

1. The Secretary disputes the assertions set forth in the first sentence of paragraph 1 of Plaintiffs' Statement to the extent that the sentence refers to "Libertarian Party" candidates and the "LPM" (an abbreviation for "Libertarian Party of Massachusetts"), insofar as the "Libertarian Party" or the "Libertarian Party of Massachusetts" was not a "political party" recognized under Massachusetts law, following the 2006 election and up to the time of the November 2008 election. Affidavit of Michelle K. Tassinari in Support of Secretary's Motion for Summary Judgment ("Tassinari Affidavit") ¶ 5. In order to avoid repetition of the foregoing statement, reflecting that the Secretary disputes the plaintiffs' characterization of the Libertarians as a "party," the Secretary incorporates by reference the foregoing statement in paragraphs 6-8, 10, and 19-31 below, in response to all the other instances in which plaintiffs refer to either the "Libertarian Party," the "Libertarian Party of Massachusetts," or the "LPM." In response to the

second sentence, the Secretary does not dispute that plaintiffs sought to place the names of Barr and Root on the November 2008 ballot but notes that the candidates on the ballot are candidates for presidential electors rather than candidates for President and Vice President.

2-6.   With the exception of one sentence in paragraph 5, concerning the deadline for submission of nominating papers in 2008, the statements in paragraphs 2 through 6 constitute characterizations of the legal requirements set forth in Mass. G.L. c. 50, § 1, Mass. G.L. c. 53, § 1, and Mass. G.L. c. 53, §§ 6-7, and 10, rather than statements of material fact.  To the extent that any response to those statements may be required, the Secretary states that the cited statutory provisions speak for themselves.  In further response, the Secretary does not dispute the statement in the second sentence of paragraph 5, namely, that in 2008, the deadline for non-party candidates to submit nominating papers to local election officials was July 29.  Tassinari Affidavit ¶ 7.  The Secretary further notes that, contrary to the third sentence in paragraph 5, it is not the local election officials but rather the candidates or their supporters who file certified nominating papers with the Secretary; however, there is no material dispute between the parties on this point.

7.   The Secretary does not dispute the statements in paragraph 7.

8.   Because the question of whether plaintiffs had "enough time" to collect signatures presents a question of law rather than a question of fact, the assertion in paragraph 8 that circulation of nominating papers in early 2008 would "ensure enough time to collect the required signatures" constitutes an argument rather than a statement of material fact.  To the extent that plaintiffs are asserting what, as a factual matter, constituted "enough time" for Massachusetts political organizations to gather 10,000 signatures, the Secretary disputes the assertion that circulation of nominating papers in early 2008 was necessary to "ensure enough time to collect

Case 1:08-cv-11340-NMG   Document 41   Filed 04/30/09   Page 3 of 7

the required signatures," because other non-party candidates as well as initiative petitioners have obtained the required number of signatures (10,000 or more) to obtain ballot access, including a non-party presidential candidate in November 2008 whose supporters collected signatures in less than the 65-day period that plaintiffs had to collect signatures in support of Barr and Root. Tassinari Affidavit ¶¶ 20-25. To the extent that plaintiffs are asserting what, as a factual matter, constituted "enough time" for them (as opposed to other Massachusetts political organizations) to gather 10,000 signatures, the Secretary has no basis (other than comparisons with other Massachusetts political organizations) to dispute the assertion that starting early in 2008 was necessary to "ensure enough time," but the Secretary asserts that what would have been "enough time" for plaintiffs, based on their own particular group's membership, organizational discipline, and resources, is not material. In further response, the Secretary states that while he has no basis to dispute the statement that the LNC and LPM "wanted" to begin signature-gathering in early 2008, that assertion is not material to any issues presented in the summary judgment motions.

9. The statements in paragraph 9 constitute characterizations of the legal requirements set forth in Mass. G.L. c. 53, § 8, rather than statements of fact but, to the extent that any response may be required, the Secretary states that the cited statutory provision speaks for itself.

10. The first sentence of paragraph 10, concerning what the LPM and LNC "believed" in connection with the identity of candidates to be selected at the "Libertarian" convention, is not material to any issues presented in the summary judgment motions. To the extent that in the second sentence plaintiffs intend to assert that they "wished" to learn whether "substitution" was permissible, the Secretary has no basis to dispute the assertion.

11-13. The statements in paragraphs 11-13 constitute characterizations of Mass. G.L. c. 53, § 14, and Mass. G.L. c. 50, § 1, rather than statements of material fact but, to the extent that

any response may be necessary, the Secretary states that the cited statutory provisions speak for themselves.

14.  The Secretary disputes the assertions set forth in paragraph 14, as the Secretary has allowed "substitution" on only one of the three occasions referred to in paragraph 14, as detailed more fully in paragraphs 15-18 below.

15. The Secretary does not dispute that the Secretary's Office sent the letter cited in the paragraph 15 and that paragraph 15 accurately quotes the letter.  Exhibit C to Plaintiffs' Summary Judgment Memorandum.  In response to the statement that the U.S. Taxpayer's Party "planned to hold its convention in August [1996]," the Secretary notes that the Secretary's letter does not reflect what the U.S. Taxpayer Party "planned" but only reflects that the Secretary's Office was informed by Richard Winger that the U.S. Taxpayers Party would hold its presidential nominating convention in August 1996.

16.  The Secretary does not dispute that the Secretary's Office sent the letter cited in paragraph 16 and that paragraph 16 accurately quotes the letter.  Exhibit D to Plaintiffs' Summary Judgment Memorandum.  The Secretary disputes the assertions in paragraph 16 only to the extent that the cited letter does not reflect that the Reform Party "planned to hold its national nominating convention in August" but only reflects that the Secretary's Office was informed that the Reform Party would hold its presidential nominating convention in August 2000.

17.  The Secretary does not dispute the assertions in the first, third, and fourth sentences of paragraph 17.  The Secretary does not dispute the assertion in the second sentence of paragraph 17 to the extent it asserts that on or before June 25, 2004, Ralph Nader chose Peter Camejo as his running mater.

18. The Secretary does not dispute the assertions in paragraph 18.

19. The Secretary does not dispute the assertions in paragraph 19.

20. The Secretary does not dispute the assertions in paragraph 20.

21. The Secretary does not dispute the assertions in paragraph 21 except to note that the e-mail quoted in paragraph 21 contains the phrase "nomination papers" rather than "nominating papers" as asserted.

22. The Secretary disputes that the Elections Division provided "advice," noting that the e-mail indirectly referred to in paragraph 22 was from a staff attorney at the Elections Division, but the Secretary otherwise does not dispute the assertions of paragraph 22.

23. The Secretary disputes the assertion in the first sentence of paragraph 23, insofar as George Phillies, in an email dated May 29, 2008, referred to candidates listed on the Libertarians' nominating papers as "stand-ins." See Exhibit H to Plaintiffs' Summary Judgment Memorandum. The Secretary has no basis to dispute the assertions in the second sentence, concerning the amount expended by plaintiffs LPM and LNC and candidate Phillies to gather signatures in support of Phillies/Bennett, and concerning the amount raised by Phillies for his campaign, but those assertions are not material to any issues presented in the summary judgment motions.

24. The Secretary does not dispute the assertions in paragraph 24.

25. The Secretary does not dispute the assertions in paragraph 25.

26. The Secretary does not dispute the assertions in paragraph 26.

27. The Secretary does not dispute the assertions in paragraph 27.

28. The Secretary does not dispute the assertions in paragraph 28.

29. The Secretary does not dispute the assertions in paragraph 29.

30. Because the question of whether plaintiffs had "sufficient time" to collect signatures in support of Barr and Root presents a question of law rather than a question of fact, the assertion in the first sentence of paragraph 30 that the LPM and LNC did not have "sufficient time" constitutes an argument rather than a statement of material fact. To the extent that plaintiffs are asserting what, as a factual matter, constituted "sufficient time" for Massachusetts political organizations to gather 10,000 signatures, the Secretary disputes the assertion that plaintiffs did not have "sufficient time" to gather signatures in support of Barr and Root, because other non-party candidates as well as initiative petitioners have obtained the required number of signatures (10,000 or more) to obtain ballot access, including a non-party presidential candidate in November 2008 whose supporters collected signatures in less than the 65-day period that plaintiffs had to collect signatures in support of Barr and Root. Tassinari Affidavit ¶¶ 20-25. To the extent that plaintiffs are asserting what, as a factual matter, constituted "sufficient time" for them (as opposed to other Massachusetts political organizations) to gather 10,000 signatures, the Secretary has no basis (other than comparisons with other Massachusetts political organizations) to dispute the assertion, but the Secretary states that what would have been "sufficient time" for plaintiffs, based on their own particular group's membership, organizational discipline, and resources, is not material. The Secretary disputes the assertion that the LPM and LNC did not have "sufficient . . . financial resources" to gather signatures on behalf of Barr and Root, insofar as plaintiffs (like other organizations) are free to gather signatures using unpaid volunteers. Tassinari Affidavit ¶ 9. The Secretary disputes the second sentence in paragraph 30, because, under Massachusetts law, the Libertarians were not a "political party" limited to one nomination per office but instead were a political designation, and thus any one or more presidential candidates who wished to be designated as "Libertarian" could have obtained ballot access by

gathering and filing 10,000 certified signatures. Tassinari Affidavit ¶¶ 5-6, 40. Indeed, as noted above, other non-party presidential candidates have satisfied the Massachusetts ballot requirement and collected signatures in less than the 65-day period applicable to plaintiffs. Tassinari Affidavit ¶ 20. The Secretary does not dispute the statement in the third sentence of paragraph 30 with the exception of the introductory words "As such," referring back to the disputed second sentence.

      31. The Secretary does not dispute the statements in paragraph 31.

      Respectfully submitted,

      SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,

      By his attorneys,

      MARTHA COAKLEY
      ATTORNEY GENERAL

      /s/ Amy Spector
      Amy Spector, BBO No. 557611
      Timothy J. Casey, BBO No. 650913
      Julie B. Goldman, BBO No. 648489
      Assistant Attorneys General
      Office of the Attorney General
      One Ashburton Place
      Boston, MA  02108
      (617) 727-2200, ext. 2076
      amy.spector@state.ma.us

April 30, 2009

<u>Certificate of Service</u>

      I hereby certify that the above Response to Plaintiffs' Statement of Undisputed Facts was filed through the Electronic Case Filing (ECF) system on April 30, 2009, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF); paper copies will be served by first-class mail to those indicated on the NEF as non-registered participants.

      /s/ Amy Spector
      Amy Spector