# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: _____ Bob Barr v. William F. Galvin _____

District Court Number: 08-cv-11340

Fee:   Paid?   Yes _____ No __×__   Government filer _____   *In Forma Pauperis* Yes _____ No __×__

Motions Pending   Yes _____ No __×__        Sealed documents   Yes _____ No __×__
*If yes, document #* _____           *If yes, document #* _____

*Ex parte* documents   Yes _____ No __×__   Transcripts   Yes __×__ No _____
*If yes, document #* _____           *If yes, document #* 25 _____

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent __×__   Other: _____

Appeal from:   Judgment, Memorandum and Order

Other information:

  I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

  Notice of Appeal, Judgment, Memorandum and Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___47___, filed on ___10/16/2009___.

  In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___10/19/2009___.

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:08−cv−11340−NMG

Barr et al v. Galvin

Assigned to: Judge Nathaniel M. Gorton

 Case in other court:  First Circuit, 08−02419

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 08/06/2008

Date Terminated: 09/18/2009

Jury Demand: None

Nature of Suit: 441 Civil Rights: Voting

Jurisdiction: Federal Question

**Plaintiff**

**Bob Barr**                                        represented by  **Matthew C. Baltay**
Foley Hoag LLP
155 Seaport Boulevard
Boston , MA 02210−2600
617−832−1262
Fax: 617−832−7000
Email: mbaltay@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amrish V. Wadhera**
Foley Hoag LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston , MA 02210
617−832−1273
Fax: 617−832−7000
Email: awadhera@foleyhoag.com
*ATTORNEY TO BE NOTICED*

**Jennifer S. Behr**
Foley Hoag LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston , MA 02210
617−832−1295
Fax: 617−832−7000
Email: jbehr@foleyhoag.com
*ATTORNEY TO BE NOTICED*

**John Reinstein**
American Civil Liberties Union
211 Congress Street
Boston , MA 02110
617−482−3170
Fax: 617−451−0009
Email: reinstein@aclum.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wayne A. Root**                      represented by   **Matthew C. Baltay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amrish V. Wadhera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer S. Behr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Reinstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Libertarian Party of Massachusetts**   represented by   **Matthew C. Baltay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amrish V. Wadhera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer S. Behr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Reinstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Libertarian National Committee, Inc.**   represented by   **Matthew C. Baltay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amrish V. Wadhera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer S. Behr**
(See above for address)
*ATTORNEY TO BE NOTICED*

2

**John Reinstein**
(See above for address)
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**William F. Galvin**                    represented by    **Amy Spector**
*in his official capacity as Secretary of the*            Attorney General's Office
*Commonwealth of Massachusetts*                           One Ashburton Place
                                                          Room 2019
                                                          Boston , MA 02108−1698
                                                          617−727−2200 ext. 2076
                                                          Fax: 617−727−5785
                                                          Email: amy.spector@state.ma.us
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Julie B. Goldman**
                                                          Office of the Attorney General
                                                          One Ashburton Place
                                                          18th Floor
                                                          Boston , MA 02108
                                                          617−727−2200 x2080
                                                          Fax: 617−727−5785
                                                          Email: julie.goldman@state.ma.us
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Timothy James Casey**
                                                          Office of the Attorney General (MA)
                                                          One Ashburton Place
                                                          Boston , MA 02108
                                                          617−727−2200, ext. 2043
                                                          Fax: 617−727−5785
                                                          Email: Timothy.Casey@state.ma.us
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/06/2008 | 1 | | COMPLAINT against all defendants Filing fee: $ 350, receipt number 01010000000002065779, filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Civil Cover Sheet, # 6 Category Form, # 7 Supplement Summons)(Baltay, Matthew) Modified on 8/6/2008 (Paine, Matthew). (Entered: 08/06/2008) |
| 08/06/2008 | 2 | | NOTICE of Appearance by Amrish V. Wadhera on behalf of Bob Barr, Wayne A. Root, Libertarian Party of |

| | | | |
|---|---|---|---|
| | | | Massachusetts, Libertarian National Committee, Inc. (Wadhera, Amrish) (Entered: 08/06/2008) |
| 08/06/2008 | 3 | | NOTICE of Appearance by Jennifer S. Behr on behalf of Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc. (Behr, Jennifer) (Entered: 08/06/2008) |
| 08/06/2008 | 4 | | CORPORATE DISCLOSURE STATEMENT by Libertarian National Committee, Inc.. (Wadhera, Amrish) (Entered: 08/06/2008) |
| 08/06/2008 | | | ELECTRONIC NOTICE of Case Assignment. Judge Nathaniel M. Gorton assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler (Paine, Matthew) (Entered: 08/06/2008) |
| 08/06/2008 | 5 | | Summons Issued as to William F. Galvin. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Paine, Matthew) (Entered: 08/06/2008) |
| 08/15/2008 | 6 | | MOTION for Preliminary Injunction by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc..(Baltay, Matthew) (Entered: 08/15/2008) |
| 08/15/2008 | 7 | | MEMORANDUM in Support re 6 MOTION for Preliminary Injunction filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Baltay, Matthew) (Entered: 08/15/2008) |
| 08/15/2008 | 8 | | AFFIDAVIT in Support *of Motion for Preliminary Injunction*. (Baltay, Matthew) (Entered: 08/15/2008) |
| 08/15/2008 | 9 | | NOTICE of Appearance by Julie B. Goldman on behalf of William F. Galvin (Goldman, Julie) (Entered: 08/15/2008) |
| 08/18/2008 | 10 | | AFFIDAVIT OF SERVICE Executed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. William F. Galvin served on 8/6/2008, answer due 8/26/2008. Acknowledgement filed by Bob Barr; Wayne A. Root; Libertarian Party of Massachusetts; Libertarian National Committee, Inc.. (Wadhera, Amrish) (Entered: 08/18/2008) |

| 08/19/2008 | 11 | | NOTICE of Appearance by Amy Spector on behalf of William F. Galvin (Spector, Amy) (Entered: 08/19/2008) |
|---|---|---|---|
| 08/25/2008 | | | ELECTRONIC NOTICE of Hearing on Motion 6 MOTION for Preliminary Injunction : Motion Hearing set for 9/12/2008 02:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Nicewicz, Craig) (Entered: 08/25/2008) |
| 08/25/2008 | 12 | | NOTICE of Appearance by Timothy James Casey on behalf of William F. Galvin (Casey, Timothy) (Entered: 08/25/2008) |
| 08/26/2008 | 13 | | MOTION for Extension of Time to 10 days following court ruling on injunction motion, to File Answer by William F. Galvin.(Spector, Amy) (Entered: 08/26/2008) |
| 08/26/2008 | | | Judge Nathaniel M. Gorton: Electronic ORDER entered granting 13 Motion for Extension of Time to Answer (Nicewicz, Craig) (Entered: 08/26/2008) |
| 08/29/2008 | 14 | | MOTION for Leave to File Excess Pages by William F. Galvin.(Spector, Amy) (Entered: 08/29/2008) |
| 08/29/2008 | 15 | | MEMORANDUM in Opposition re 6 MOTION for Preliminary Injunction filed by William F. Galvin. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Spector, Amy) (Entered: 08/29/2008) |
| 08/29/2008 | 16 | | AFFIDAVIT of Michelle Tassinari in Opposition re 6 MOTION for Preliminary Injunction filed by William F. Galvin. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Spector, Amy) (Entered: 08/29/2008) |
| 09/09/2008 | 17 | | MOTION for Leave to File *Reply Memorandum in Support of Motion for Preliminary Injunction* by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit Proposed Reply Brief)(Baltay, Matthew) (Entered: 09/09/2008) |
| 09/12/2008 | | | Electronic Clerk's Notes for proceedings held before Judge Nathaniel M. Gorton: Motion Hearing held on 9/12/2008 re 6 MOTION for Preliminary Injunction filed by Libertarian National Committee, Inc., Libertarian Party of Massachusetts, Wayne A. Root, Bob Barr. (Court Reporter: Dahlstrom.)(Attorneys present: Baltay, Wadhere, Behr, Spector, Goldman, Casey) (Nicewicz, Craig) (Entered: 09/23/2008) |
| 09/17/2008 | 18 | | MEMORANDUM OF LAW by William F. Galvin. (Spector, Amy) (Entered: 09/17/2008) |
| 09/17/2008 | 19 | | AFFIDAVIT of Michelle K. Tassinari (Supplemental) by William F. Galvin. (Attachments: # 1 Exhibit A, # 2 |

| | | | |
|---|---|---|---|
| | | | Exhibit B, # 3 Exhibit C)(Spector, Amy) (Entered: 09/17/2008) |
| 09/17/2008 | 20 | | Supplemental MEMORANDUM in Support re 6 MOTION for Preliminary Injunction filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit A)(Baltay, Matthew) (Entered: 09/17/2008) |
| 09/22/2008 | 21 | | Judge Nathaniel M. Gorton: ORDER entered. MEMORANDUM AND ORDER; allowing preliminary injunction (Docket no. 6 )(Nicewicz, Craig) (Entered: 09/22/2008) |
| 09/22/2008 | 22 | | Judge Nathaniel M. Gorton: ORDER entered. PRELIMINARY INJUNCTION(Nicewicz, Craig) (Entered: 09/22/2008) |
| 10/02/2008 | 23 | | ANSWER to Complaint by William F. Galvin.(Spector, Amy) (Entered: 10/02/2008) |
| 10/22/2008 | 24 | | NOTICE OF APPEAL as to 21 Memorandum &ORDER, 22 Preliminary Injunction by William F. Galvin NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 11/11/2008. (Spector, Amy) (Entered: 10/22/2008) |
| 10/23/2008 | 25 | | Transcript of Motion for Preliminary Injunction Hearing held on September 12, 2008, before Judge Gorton. Court Reporter: Cheryl Dahlstrom at 617/951−4555. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 11/10/2008. Redacted Transcript Deadline set for 11/20/2008. Release of Transcript Restriction set for 1/18/2009. (Scalfani, Deborah) (Entered: 10/23/2008) |
| 10/23/2008 | 26 | | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, a copy of which is attached to this entry.. (Scalfani, Deborah) (Entered: 10/23/2008) |
| 10/28/2008 | | | Filing fee/payment: $ 455, receipt number BST006657 for 24 Notice of Appeal, (Gawlik, Cathy) (Entered: 10/28/2008) |
| 11/06/2008 | 27 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 24 Notice of Appeal, (Attachments: # 1 docket sheet)(Ramos, Jeanette) (Entered: 11/06/2008) |

| 11/24/2008 | 28 | | USCA Case Number 08−2419 for 24 Notice of Appeal, filed by William F. Galvin. (Ramos, Jeanette) (Entered: 11/24/2008) |
|---|---|---|---|
| 01/05/2009 | 29 | | USCA Judgment as to 24 Notice of Appeal, filed by William F. Galvin. Upon consideration of appellant's assented−to motion, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b). Mandate to issued forthwith. Judgment issued in the USCA 12/30/2008 (Ramos, Jeanette) (Entered: 01/05/2009) |
| 01/05/2009 | 30 | | MANDATE of USCA as to 24 Notice of Appeal, filed by William F. Galvin. Mandate issued in the USCA 12/30/2008 (Ramos, Jeanette) (Entered: 01/05/2009) |
| 01/06/2009 | | | Appeal Record Returned: 24 Notice of Appeal, (Ramos, Jeanette) (Entered: 01/06/2009) |
| 02/05/2009 | | | ELECTRONIC NOTICE of Hearing : Status Conference set for 2/27/2009 12:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Nicewicz, Craig) (Entered: 02/05/2009) |
| 02/27/2009 | | | Electronic Clerk's Notes for proceedings held before Judge Nathaniel M. Gorton: Status Conference held on 2/27/2009. Plaintiff seeks Final Judgment. Defendant wishes to file s/j motion. Defendants memorandum due 3/31/09, and any dispositive motions by 3/31/09, responses 4/30/09. (Court Reporter: Dahlstrom.)(Attorneys present: Baltay, Behr, Wadhera, Spector. Goldman, Casey) (Nicewicz, Craig) (Entered: 03/02/2009) |
| 03/31/2009 | 31 | | NOTICE of Appearance by John Reinstein on behalf of Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc. (Reinstein, John) (Entered: 03/31/2009) |
| 03/31/2009 | 32 | | MOTION for Summary Judgment by William F. Galvin.(Spector, Amy) (Entered: 03/31/2009) |
| 03/31/2009 | 33 | | MEMORANDUM in Support re 32 MOTION for Summary Judgment filed by William F. Galvin. (Spector, Amy) (Entered: 03/31/2009) |
| 03/31/2009 | 34 | | STATEMENT of facts *Pursuant to Local Rule 56.1.* (Spector, Amy) (Entered: 03/31/2009) |
| 03/31/2009 | 35 | | AFFIDAVIT in Support re 32 MOTION for Summary Judgment, 33 Memorandum in Support of Motion. (Attachments: # 1 Exhibit Exhibits A through L)(Spector, Amy) (Entered: 03/31/2009) |
| 03/31/2009 | 36 | | MOTION for Leave to File Excess Pages by William F. |

| | | | |
|---|---|---|---|
| | | | Galvin.(Spector, Amy) (Entered: 03/31/2009) |
| 03/31/2009 | 37 | | MOTION for Summary Judgment by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc..(Baltay, Matthew) (Entered: 03/31/2009) |
| 03/31/2009 | 38 | | MEMORANDUM in Support re 37 MOTION for Summary Judgment filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Baltay, Matthew) (Entered: 03/31/2009) |
| 04/30/2009 | 40 | | MEMORANDUM in Opposition re 37 MOTION for Summary Judgment *(Secretary's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment)* filed by William F. Galvin. (Spector, Amy) (Entered: 04/30/2009) |
| 04/30/2009 | 41 | | Statement of Material Facts L.R. 56.1 re 37 MOTION for Summary Judgment *(Secretary's Response to Plaintiffs' Statement of Undisputed Facts)* filed by William F. Galvin. (Spector, Amy) (Entered: 04/30/2009) |
| 04/30/2009 | 42 | | Opposition re 32 MOTION for Summary Judgment filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Baltay, Matthew) (Entered: 04/30/2009) |
| 04/30/2009 | 43 | | Statement of Material Facts L.R. 56.1 re 32 MOTION for Summary Judgment *(Response)* filed by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc.. (Baltay, Matthew) (Entered: 04/30/2009) |
| 05/13/2009 | | | Judge Nathaniel M. Gorton: Electronic ORDER entered granting 36 Motion for Leave to File Excess Pages (Duong, Diep) (Entered: 05/13/2009) |
| 09/17/2009 | 44 | 10 | Judge Nathaniel M. Gorton: ORDER entered. MEMORANDUM AND ORDER "In accordance with the foregoing, the plaintiffs' motion for summary judgment (Docket No. 37 ) is ALLOWED and, conversely, the defendant's motion for summary judgment (Docket No. 32 ) is DENIED." (Duong, Diep) (Entered: 09/18/2009) |
| 09/21/2009 | 45 | 23 | Judge Nathaniel M. Gorton: ORDER entered. JUDGMENT in favor of Plaintiffs against Defendant (Duong, Diep) (Entered: 09/21/2009) |
| 09/28/2009 | 46 | | |

8

| | | | |
|---|---|---|---|
| | | | Joint MOTION for Extension of Time to file motion for attorney's fees and costs by Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, Libertarian National Committee, Inc..(Baltay, Matthew) (Entered: 09/28/2009) |
| 09/30/2009 | | | Judge Nathaniel M. Gorton: Electronic ORDER entered granting 46 Motion for Extension of Time (Nicewicz, Craig) (Entered: 09/30/2009) |
| 10/16/2009 | 47 | 24 | NOTICE OF APPEAL as to 45 Judgment, 44 Memorandum &ORDER, by William F. Galvin NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 11/5/2009. (Spector, Amy) (Entered: 10/16/2009) |

**United States District Court**
**District of Massachusetts**

```
_____
                              )
BOB BARR, WAYNE A. ROOT,      )
LIBERTARIAN PARTY OF          )
MASSACHUSETTS, and LIBERTARIAN)
NATIONAL COMMITTEE, INC.,     )      Civil Action No.
        Plaintiffs,           )      08-11340-NMG
                              )
        v.                    )
                              )
WILLIAM F. GALVIN, as he is   )
SECRETARY OF THE COMMONWEALTH OF )
MASSACHUSETTS,                )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In September, 2008, the Court entered a preliminary injunction ordering the defendant in this case, William F. Galvin ("Galvin"), in his capacity as the Secretary of the Commonwealth of Massachusetts, to place the names of Bob Barr ("Barr") and Wayne A. Root ("Root") as the Libertarian candidates for president and vice president, respectively, on the Massachusetts ballot for the 2008 presidential election. The parties have now filed cross-motions for summary judgment.

**I.    Background**

    **A.    Factual Background**

Because the Libertarian Party is not one of the recognized

-1-

10

"political parties" in the Commonwealth of Massachusetts, its candidates may appear on an election ballot only if it submits a valid nominating petition.  Such a petition must designate 12 electors, be signed by at least 10,000 voters, and be submitted within sufficient time to permit Town Clerks to prepare for the election.  M.G.L. c. 53, § 6.  In 2008, the deadline for filing nominating petitions was July 29.

Beginning in late July, 2007, the plaintiffs, Barr, Root, the Libertarian Party of Massachusetts and the Libertarian National Committee, Inc., began preparing for the 2008 presidential election.  The nominating convention for the Libertarian Party was not held until late May, 2008, however, thus forcing the plaintiffs to make a choice between waiting until after the convention and collecting all 10,000 signatures within two months or guessing who their nominees would be and circulating petitions for candidates who might not eventually be their party's nominees.  The plaintiffs chose the latter course, gathering signatures in support of Dr. George Phillies ("Phillies"), who is the Chair of the Libertarian Party of Massachusetts, for president, and Chris Bennett ("Bennett") for vice president.  They eventually collected over 15,000 signatures on the Phillies-Bennett petitions.

In July, 2007, Phillies inquired of the Elections Division of the Office of the Secretary of the Commonwealth ("the

-2-

11

Case 1:08-cv-11340-NMG   Document 44   Filed 09/17/2009   Page 3 of 13

Secretary") as to whether the Libertarian Party would be allowed
to substitute the names of the nominees actually chosen at its
convention, in the event that they were not Phillies and Bennett.
The Secretary responded, via e-mail, through one of his
attorneys, Kristen Green ("Attorney Green"), on October 26, 2007,
that the Libertarian Party could "prepare a form that allows
members of [that] party to request the substitution of the
candidate."  The plaintiffs understood the response as an
assurance that a substitution would be allowed and proceeded
accordingly.

    Barr and Root ultimately defeated Phillies and Bennett and
won the Libertarian Party's nomination.  Immediately thereafter,
on May 29, 2008, the plaintiffs reestablished contact with the
Secretary and sought to substitute the nominees' names on the
petitions they had gathered.  On June 5, 2008, however, the
Secretary informed the plaintiffs that no substitution would be
permitted because he viewed Phillies and Bennett as having been
mere "stand-ins" who were not actually seeking their party's
nomination.  By that time, the plaintiffs had collected
approximately 7,000 signatures on behalf of Phillies and Bennett.
They determined that it would be impossible for them to abandon
those signatures and the resources that had been devoted to
collecting them to start afresh.  The plaintiffs chose, instead,
to continue gathering signatures on the original petition and to

challenge in court the Secretary's refusal to allow substitution.

**B.   Procedural History**

On August 6, 2008, the plaintiffs filed suit alleging that Galvin was in violation of 1) the First Amendment of the United States Constitution by impairing their rights to free speech, to cast their votes effectively and to develop a new political party and 2) the Equal Protection Clause of the Fourteenth Amendment of the Constitution by discriminating between a) major and minor political parties and b) parties that hold their nominating conventions before the deadline for submitting nomination petitions and those that hold their conventions after the deadline.  The plaintiffs sought declaratory judgment as well as injunctive relief to require Galvin to place the names of Barr and Root as the Libertarian candidates on the Massachusetts ballot for the 2008 presidential election.

On September 22, 2008, shortly before the Massachusetts presidential ballots were to be printed, the Court allowed the requested preliminary injunction ("the September, 2008, Order").[1] See Barr v. Galvin, 584 F. Supp. 2d 316, 322 (D. Mass. 2008). Galvin appealed that order but he later voluntarily dismissed the appeal.  On March 31, 2009, the parties filed cross-motions for

---

[1] Barr and Root obtained 13,189 votes (about 0.4% of all votes cast) in Massachusetts in the 2008 election.  See Fed. Election Comm'n, 2008 Official Presidential General Election Results 1 (Jan. 22, 2009), available at http://www.fec.gov/pubrec/fe2008/2008presgeresults.pdf.

-4-

summary judgment which were timely opposed and are currently
pending before the Court.

**II.  Legal Analysis**

    **A.  Justiciability**

The Court notes at the outset that both parties agree that
this case is not moot despite the long-past occurrence of the
2008 presidential election because the controversy is "capable of
repetition, yet evading review."  See Storer v. Brown, 415 U.S.
724, 737 n.8 (1974) (citation omitted).

    **B.  Legal Standard for Summary Judgment**

The role of summary judgment is "to pierce the pleadings and
to assess the proof in order to see whether there is a genuine
need for trial."  Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822
(1st Cir. 1991), quoting Garside v. Osco Drug, Inc., 895 F.2d 46,
50 (1st Cir. 1990).  The burden is upon the moving party to show,
based upon the pleadings, discovery and affidavits, "that there
is no genuine issue as to any material fact and that the moving
party is entitled to a judgment as a matter of law."  Fed. R.
Civ. P. 56(c).  When cross-motions are filed, the Court must
apply that standard and determine which party, if either,
deserves summary judgment.  Adria Int'l Group, Inc. v. Ferre
Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001).

Case 1:08-cv-11340-NMG   Document 44   Filed 09/17/2009   Page 6 of 13

### C.   Application

#### 1.   Law of the Case Doctrine

As the Court explained in the September, 2008, Order, the constitutionality of state action affecting ballot access is reviewed using a sliding scale such that, to pass muster, voting regulations imposing "severe burdens" must be narrowly tailored to a "compelling state interest" but "reasonable, nondiscriminatory restrictions" must be justified by only "important regulatory interests."   McClure v. Galvin, 386 F.3d 36, 41 (1st Cir. 2004), citing Timmons v. Twin Cities Area New Party, 520 U.S. 351, 358 (1997); see Barr, 584 F. Supp. 2d at 320.   When it entered a preliminary injunction against Galvin, the Court determined that, for reasons described below, M.G.L. c. 53, § 14 was ambiguous with respect to whether it applied to presidential nominees and "[s]urely there can be no state interest that would justify" the burden imposed by such ambiguity.   Barr, 584 F. Supp. 2d at 320-21.

Barr argues that the Court should enter summary judgment purely on the basis of that ruling pursuant to the law of the case doctrine which provides that, once a court decides a rule of law in a case, its decisions in later stages of the case should comport with that rule.   See Naser Jewelers, Inc. v. City of Concord, 538 F.3d 17, 20 (1st Cir. 2008).   That doctrine is inapplicable here, however, because in its September, 2008,

-6-

Order, the Court ultimately ruled that § 14 was only "<u>likely</u> [to]
fail constitutional scrutiny," <u>Barr</u>, 584 F. Supp. 2d at 321
(emphasis added), and, therefore, no absolute rule of law governs
this case.  As the First Circuit Court of Appeals made clear in
<u>Naser Jewelers</u>, an initial ruling that "was designed to be
preliminary" constitutes an exception to the law of the case
doctrine.  538 F.3d at 20; <u>c.f.</u> <u>id.</u> (applying the law of the case
doctrine to decide a motion for summary judgment where the court
had previously held that an ordinance was <u>unequivocally</u>
constitutional when it denied a motion for a preliminary
injunction).

  **2. Constitutionality of Chapter 53, Section 14**

  Accordingly, the Court will re-consider the
constitutionality of § 14.  That statute sets forth the procedure
for filling the vacancy created when "<u>a candidate nominated for a
state, city or town office</u> dies before the day of election, or
withdraws his name from nomination, or is found ineligible."
M.G.L. c. 53, § 14 (emphasis added).  Thus, on its face, § 14
does not appear to apply to candidates for the offices of
President and Vice-President of the United States.

  Another statute, M.G.L. c. 50, § 1, however, defines the
term "state officer" so as to render the term "state ... office"
in § 14 applicable to presidential and vice-presidential
nominees.  Chapter 50, § 1 mandates that "state officer"

shall apply to, and include, any person to be nominated
at a state primary or chosen at a <u>state election</u> and
shall include United States senator and representative
in Congress.

M.G.L. c. 50, § 1 (emphasis added).  The same statute also
defines "state election" as applying

to any election at which a <u>national, state, or county
officer</u> or a regional district school committee member
elected district-wide is to be chosen by the voters.

<u>Id.</u> (emphasis added).  As this Court previously concluded, under
§ 1,

A "state officer" is, ultimately, defined as "a
national, state or county officer."  Thus, the category
of "state officers" is defined to be broader than
itself, a nonsensical conclusion.

<u>Barr</u>, 584 F. Supp. 2d at 320.  Based upon the circular
definitions set forth in § 1, the inclusion of the term "state
... office" in M.G.L. c. 53, § 14 leaves the determination of
whether that statute is applicable to presidential and vice-
presidential nominees positively ambiguous.   <u>Id.</u>

Where, as here, the meaning of a statute is unclear, it may
be found to be void for vagueness.  <u>See</u> <u>Duke</u> v. <u>Connell</u>, 790 F.
Supp. 50, 53-54 (D.R.I. 1992).  A vague statute can be justified
by no legitimate state interest.  <u>See id.</u>  Accordingly, the Court
concludes, as it preliminarily determined in the September, 2008,
Order, that § 14 fails to pass constitutional muster as it
applies to this case.

-8-

17

### 3. Counter-Arguments

#### a. "Voters"

The Court is not dissuaded from its earlier reasoning by
Galvin's arguments to the contrary. Galvin first contends that
§ 14 cannot apply to presidential elections because that statute
clearly refers to officers selected by Massachusetts voters
alone. He notes that 1) § 14 applies to "state officers" who,
under the definitions of that term and of "state election," are
"chosen by the voters" and 2) the term "voter" is elsewhere
defined as "a registered voter." See M.G.L. c. 50, § 1.

Galvin argues that "a registered voter" refers only to a
voter registered in Massachusetts and, therefore, "state
officers" are those "chosen" by only voters registered in
Massachusetts. Because the president and vice-president are
chosen by voters nationwide, Galvin suggests that they cannot be
deemed "state officers" and, hence, are not subject to § 14. The
term "voter" is not, however, and cannot logically be expanded to
mean "a registered voter in the Commonwealth," and Galvin
provides no explanation as to why it should be so restricted.

#### b. Omission of "President" in the Definition of "State Officer"

Galvin also points out that the definition of "state
officer" as set forth in M.G.L. c. 50, § 1 explicitly includes
United States senators and representatives but is silent with
respect to the president. He suggests, therefore, that that term

-9-

cannot refer to the president (and, by extension, § 14 cannot apply to the president).

In effect, he invokes the canon of statutory interpretation "expressio unius est exclusio alterius" pursuant to which the express mention of one thing in a statute implies the exclusion of another.  That rule is "only a guide," United States v. Vonn, 535 U.S. 55, 65 (2002), and only applies when it resonates with legislative intent favoring exclusion, see Chevron U.S.A., Inc. v. Echazabal, 536 U.S. 73, 80 (2002) (refusing to apply the canon to a statute containing the phrase "may include").  Galvin's argument is, therefore, not altogether conclusive.

In any event, his interpretation of "state officer" (as including United States senators and representatives but not the president) does not remedy the inconsistent definitions of that term and "state election."  As suggested above, a "state officer," as defined in § 1, is someone elected at a "state election," in which "national, state or county officers" are chosen.  Thus, the president, undeniably a "national ... officer[]," could, for these purposes, be considered to fall within the ambit of "state officers."  In any event, the statutory term is vague and ambiguous.

### c.   Presidential Electors

In the alternative, Galvin suggests that, if § 14 applies to presidential elections at all, it must only apply to presidential

-10-

electors who are the persons actually "chosen at a state election" and, hence, it is the electors who must be considered to be "state officers."  In that context, Galvin argues that the statutory prerequisites for filling vacancies, as set forth in § 14, were not met in this case because none of the 12 electors who accepted nomination to support Phillies and Bennett died, withdrew or was found ineligible.

The plaintiffs respond that their complaint is with the Secretary's refusal to allow any substitution, whether for presidential nominees or for presidential electors.  Indeed, their ultimate goal was to substitute the names of Barr and Root in place of Phillies and Bennett on the ballot, regardless of how that was accomplished.  Moreover, the ambiguity with respect to whether § 14 applies to presidential nominees is equally applicable to presidential electors.  Galvin's argument concerning presidential electors is, therefore, unavailing.

### d.    Chapter 53, Section 6

Finally, Galvin devotes a major portion of the memorandum in support of his motion for summary judgment to defending the constitutionality of M.G.L. c. 53, § 6, even though the plaintiffs do not challenge it.  That statute provides that, in order to have their names appear on the ballot, candidates for president and vice president representing a political designation must obtain nomination papers (nominating 12 electors who have

pledged to vote for the presidential and vice-presidential candidates) signed by 10,000 voters and submitted to election officials on or before a certain date.  Galvin contends that it is irrelevant whether § 14 is constitutional so long as § 6 provides valid access to the ballot.

Section 6 does not, however, provide a means for substituting names on a ballot in the event that a candidate withdraws, dies or is found to be ineligible.  Such a right to substitute is guaranteed by the Equal Protection Clause of the Constitution to ensure that the names of the actual candidates appear on the ballot.  See Anderson v. Firestone, 499 F. Supp. 1027, 1230-31 (D.C. Fla. 1980) (holding that substitution of the name of the proper vice-presidential candidate on the ballot was constitutionally required when the presidential candidate had ultimately selected a running mate different from the one listed on nomination petitions).  In this case, § 6 did not provide a remedy for substituting the names of Barr and Root on the ballot when Phillies and Bennett had previously secured a spot but wished to cede it to the legitimate Libertarian nominees.

Thus, that statute did not protect ballot access for the candidates actually selected to represent the Libertarian Party or Massachusetts voters' right to vote for those candidates.  The lack of a substitution procedure does not serve the state interest in protecting ballot integrity or, indeed, any other

-12-

21

Case 1:08-cv-11340-NMG   Document 44   Filed 09/17/2009   Page 13 of 13

state interest and, accordingly, the presumed constitutionality of § 6 does not mitigate the constitutional infirmity of § 14.

## ORDER

In accordance with the foregoing, the plaintiffs' motion for summary judgment (Docket No. 37) is **ALLOWED** and, conversely, the defendant's motion for summary judgment (Docket No. 32) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 17, 2009

-13-

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS


Bob Barr et al
                          **Plaintiffs**

                                                    **CIVIL ACTION**

        **V.**
                                                    **NO. 08-cv-11340-NMG**

William F. Galvin
                          **Defendant**


## JUDGMENT


**GORTON, D. J.**


     In accordance with the Court's Memorandum and Order dated   9/17/09

granting   Plaintiffs'   motion for summary judgment (Docket No. 44) in the above-

entitled  action, it is hereby ORDERED:

               Judgment for the      Plaintiffs


                                                    **By the Court,**


  9/21/2009                                          /s/ Diep Duong
      **Date**                                       **Deputy Clerk**


23

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOB BARR, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>WILLIAM F. GALVIN, as he is SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>       Defendant. | CIVIL ACTION<br>NO. 08-11340-NMG |

## <u>NOTICE OF APPEAL</u>

Pursuant to Fed. R. App. P. 3 and 4 and 28 U.S.C. § 1291, defendant, William F. Galvin, Secretary of the Commonwealth of Massachusetts ("Secretary"), hereby appeals to the United States Court of Appeals for the First Circuit from the District Court's Order dated September 17, 2009 (allowing plaintiffs' motion for summary judgment), Order of Dismissal dated September 18, 2009, and Judgment dated September 21, 2009.

24

Respectfully submitted,

SECRETARY OF THE COMMONWEALTH
OF MASSACHUSETTS,

By his attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Amy Spector
Amy Spector, BBO No. 557611
Julie B. Goldman, BBO No. 648489
Timothy Casey, BBO No. 650913
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 727-2200, ext. 2076
amy.spector@state.ma.us

October 16, 2009

<u>Certificate of Service</u>

I hereby certify that the above Notice of Appeal was filed through the Electronic Case Filing
(ECF) system on October 16, 2009, and thus copies will be sent electronically to the plaintiffs' counsel,
all of whom are registered participants as identified on the Court's Notice of Electronic Filing (NEF).

/s/ Amy Spector
Amy Spector