United States District Court
District of Massachusetts

| | |
|---|---|
| Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts, and Libertarian National Committee, Inc., <br>     Plaintiffs, <br><br> v. <br><br> William F. Galvin, as Secretary of the Commonwealth of Massachusetts, <br>     Defendant. | Civil Action No. <br> 08-11340-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action is before the Court on remand from the First Circuit Court of Appeals.

I. **Background**

In September, 2008, this Court entered a preliminary injunction ordering defendant William F. Galvin ("Galvin"), in his capacity as the Secretary of the Commonwealth of Massachusetts, to place the names of Bob Barr ("Barr") and Wayne A. Root ("Root") as the Libertarian candidates for president and vice president, respectively, on the Massachusetts ballot for the 2008 election. In September, 2009, the Court allowed the plaintiffs' motion for summary judgment and entered judgment in their favor. The defendant appealed that determination to the

-1-

First Circuit shortly thereafter.

In November, 2010, the First Circuit issued a Judgment, in which it: 1) found that a live dispute remains, 2) concluded that the Equal Protection Clause does not require the Commonwealth of Massachusetts to afford a substitution mechanism applicable to non-party candidates and 3) determined that the relevant statute is not unconstitutionally vague but does require interpretive clarification.  The First Circuit held that the Massachusetts courts should be afforded the opportunity, in the first instance, to effect that interpretation, pursuant to principles of Pullman abstention, which is warranted where 1) substantial uncertainty exists over the meaning of the state law in question and 2) settling the question of state law may obviate the need to resolve a significant federal constitutional question.

Although the First Circuit acknowledged the lack of a pending state court proceeding, it referenced "the anticipated state-court action" and repeatedly noted that the next presidential election is not for another two years, providing ample time to litigate the question in state courts.  In sum, the First Circuit's Order to this Court states:

> The decision of the district court on the equal protection claim is reversed, its decision and judgment in all other respects is vacated, and the matter is remanded to the district court with instructions to abstain on the "void for vagueness" claim and dismiss what remains of the action without prejudice.

## II. **Analysis**

The First Circuit has ordered this Court to abstain on the "void for vagueness" claim pursuant to the Pullman abstention doctrine. Although an order "to abstain" would ordinarily result in the dismissal of the case before the Court rather than deferral to the state proceedings, here, in the context of the Pullman doctrine, the Court finds deferral to be suitable. See Growe v. Emison, 507 U.S. 25, 32 & n.1 (1993) (noting that "to bring out more clearly, however, the distinction between those circumstances that require dismissal of a suit and those that require postponing consideration of its merits, it would be preferable to speak of Pullman 'deferral'").

When Pullman abstention is exercised, the district court retains jurisdiction over the federal claim but stays, rather than dismisses, the federal suit pending determination of state-law questions in state court. See Harris Cnty. Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975) (citing R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 501 (1961)). Once the state court has ruled on the state-law question, the parties may return to the district court for a determination of any remaining federal constitutional questions. See Muskegon Theatres, Inc. v. City of Muskegon, 507 F.2d 199, 200 (6th Cir. 1974) (holding district court had power to abstain from exercising jurisdiction but should have retained jurisdiction pending state court

proceedings).

Accordingly, this Court will effect Pullman abstention by staying the "void for vagueness" claim pending determination in a Massachusetts court with respect to the question of the statute's application to non-party presidential and vice-presidential candidates. In the meantime, this Court retains jurisdiction over the corresponding federal claim but dismisses all other claims without prejudice, pursuant to the mandate of the First Circuit Court of Appeals.

**ORDER**

In accordance with the foregoing, this Court hereby:

1) abstains on the "void for vagueness" claim, thereby staying that claim pending a state court interpretive clarification of the state statute; and

2) dismisses all other claims without prejudice.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 13, 2010