# United States Court of Appeals
## For the First Circuit

No. 09-2426

BOB BARR ET AL.,

Plaintiffs, Appellees,

v.

WILLIAM F. GALVIN, IN HIS OFFICIAL CAPACITY AS SECRETARY

OF THE COMMONWEALTH OF MASSACHUSETTS,

Defendant, Appellant.

Before
Boudin, Ripple,* and Selya, Circuit Judges.

**ORDER OF COURT**
**Entered: December 28, 2010**

The appellees' petition for panel rehearing is denied. The petition largely rehashes arguments that were made to, and rejected by, the panel in its earlier opinion.

One aspect of the petition does require comment. The appellees assert that the panel opinion gives rise to a circuit split in light of the decision in Libertarian Party of Ohio v. Blackwell, 462 F.3d 579 (6th Cir. 2006). That is plainly incorrect: nothing in the panel opinion is inconsistent or irreconcilable with Libertarian Party of Ohio. The timing constraints imposed by the respective state ballot-access schemes are sufficiently distinct that the panel's conclusion as to the constitutionality of the Massachusetts scheme is not at odds with the Sixth Circuit's determination as to the constitutionality of the Ohio scheme.

There, the Sixth Circuit reviewed a state statutory ballot-access scheme that, pertinently, (i) demanded that all parties nominate their candidates in the state's March primary in order to

---

*Of the Seventh Circuit, sitting by designation.

appear on the ballot in the election held the following November and (ii) required any party that did not receive at least five percent of the vote for its candidate for governor or president in the previous election to file a petition, bearing the number of signatures equal to one percent of the total votes cast in the previous election, 120 days in advance of the March primary in order to qualify to participate in it. See id. at 586. Ohio law permitted candidates the alternative route of filing a nominating petition 75 days prior to the general election. Id. at 592. Candidates who qualified for the ballot in this alternate way were not listed with any party affiliation but, rather, were denominated "independent" or "other party" candidates. Id. (citing Ohio Rev. Code § 3513.257).

The Massachusetts scheme at issue in this case is materially different. It allows candidates to ally themselves with a "political designation" of their choosing even where they access the ballot through the state's alternative petition mechanism. Massachusetts requires that such petitions be submitted to local canvassing officials in late July. Rather than requiring that a minor party necessarily designate its candidates a full year prior to the upcoming presidential election, as was the case under the Ohio statute if a candidate wished to appear on the ballot with a party designation of any sort, the Massachusetts scheme demands that such a candidate file papers less than four months in advance of the election.

Seen in this light, the panel opinion does not, as the appellees now for the first time argue, lead to the conclusion that "minor parties must essentially become major recognized 'political parties' . . . in order to gain ballot access." Candidates affiliated with minor parties remain entirely free to submit nominating petitions bearing the requisite number of signatures up until the late-July filing deadline. Political organizations not formally recognized as "political parties" in Massachusetts therefore have the opportunity to appear on the ballot if a candidate aligned with their organization submits the papers through this procedure.

The petition for panel rehearing is denied.

By the Court:
/s/ Margaret Carter, Clerk

cc: Hon. Nathaniel M. Gorton, Ms. Sarah Thornton, Clerk, United States District Court for the District of Massachusetts, Ms. Spector, Mr. Baltay, Mr. Casey, Mr. Reinstein, Ms. Behr, Ms. Goldman, Ms. Wadhera & Mr. Bialas.