# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BOB BARR, WAYNE A. ROOT,
LIBERTARIAN PARTY OF
MASSACHUSETTS, and LIBERTARIAN
NATIONAL COMMITTEE, INC.,

                Plaintiffs,

        v.

WILLIAM F. GALVIN, in his official capacity
as Secretary of the Commonwealth of
Massachusetts,

                Defendant.

Case No.: 1:08-cv-11340-NMG

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY QUESTION TO THE MASSACHUSETTS SUPREME JUDICIAL COURT
## <u>REGARDING THE INTERPRETATION OF MASS. GEN. LAWS CH. 53 § 14</u>

Plaintiffs Bob Barr, Wayne A. Root, Libertarian Party of Massachusetts and Libertarian

National Committee, Inc. (collectively, "Plaintiffs" or the "Libertarians") respectfully move this

Court to certify to the Massachusetts Supreme Judicial Court the question of the meaning of

Mass. Gen. Laws ch. 53 § 14, which provides the rubric for candidate substitution in

Massachusetts.  In an earlier stage of this case, this Court found the statute unconstitutionally

vague and violative of equal protection.  *Barr v. Galvin*, 659 F. Supp. 2d 225, 230 (D. Mass.

2009).  On appeal, the First Circuit reversed and ruled that federal court abstention was preferred

so as to allow the Massachusetts state courts the opportunity to interpret the statute.  *Barr v.*

*Galvin*, 626 F.3d 99, 106 (1st. Cir. 2010).  Pursuant to the First Circuit's decision, Plaintiffs now

seek an order from this Court certifying to the Massachusetts Supreme Judicial Court the

question of whether the Massachusetts substitution statute, Mass. Gen. Laws ch. 53 § 14, applies

to presidential elections and provides political organizations or minor parties[1] not recognized as "political parties" under Mass. Gen. Laws ch. 50 § 1 with a means to substitute the presidential and vice-presidential candidates chosen at their conventions for those listed on their nomination papers. Certification is appropriate because, pursuant to Rule 1:03 of the Massachusetts Supreme Judicial Court, which concerns acceptance of certification of questions of law from the federal and other courts, the interpretation of Mass. Gen. Laws ch. 53 § 14 presents a cause-determinative question of state law as to which there is no controlling precedent in the decisions of the Supreme Judicial Court. Further, certification is particularly appropriate where, as here, the Court has abstained from interpreting a state law statute, the First Circuit has indicated that the Massachusetts judiciary should be afforded the opportunity to interpret the statute in the first instance, and the interpretation of the statute presents a question of great importance that will affect the 2012 presidential election.

## BACKGROUND

To gain ballot access in Massachusetts, minor party presidential and vice-presidential candidates generally have to obtain and submit nomination papers containing 10,000 signatures. In 2008, the nomination papers became available in early February and had to be submitted, with the requisite 10,000 signatures, by the end of July. Because the Libertarian national convention was scheduled relatively late in the signature collection period of February to July, the Libertarians asked the Secretary of the Commonwealth of Massachusetts ("Secretary") whether they could begin collecting signatures on their nomination papers in February and then substitute the names of the presidential and vice-presidential candidates selected at their national convention in late May. The Secretary's Election Division replied affirmatively: "[i]f the

---

[1] As used herein, "minor party" shall refer to a political party which has not met the requirements needed to become a recognized political party under Mass. Gen. Laws ch. 50 § 1.

Libertarian Party seeks to substitute a candidate . . . our Office can prepare a form that allows members of the party to request the substitution."

Accordingly, the Libertarians began collecting the requisite signatures in February 2008 using the names of the heads of the Massachusetts party as prospective presidential and vice-presidential candidates.  At the Libertarian national convention on May 25, 2008, the Massachusetts candidates did not receive the national nomination; instead, Bob Barr and Wayne Root were selected as the party's national candidates for president and vice-president, respectively.  The Libertarian party, which had collected some 7,000 signatures by that point in Massachusetts, contacted the Secretary to substitute the proper candidates on their nomination papers.  In a reversal of position, the Secretary informed the Libertarians that substitution would not be allowed.  As is set forth in the undisputed record, the Libertarians lacked the time and resources to abandon the 7,000 signatures and start over at that point.

The Libertarians filed the instant action, alleging that the Secretary's refusal to allow substitution was unconstitutional.  This Court granted the Libertarians' motion for a preliminary injunction and ordered the Secretary to place the names of the Libertarian candidates, Barr and Root, on the 2008 national presidential ballot in Massachusetts.  *Barr v. Galvin*, 584 F. Supp. 2d 316, 322 (D. Mass. 2008).  After the national election, all parties moved for summary judgment, with the Secretary arguing "the case is not moot, because the claims are capable of repetition yet evading review" and "these very same plaintiffs could present the identical issue in the next presidential election."  Memorandum of Law in Support of Secretary's Motion for Summary Judgment, p. 7 (Docket # 33).  The Court granted summary judgment for the Libertarians, concluding the statutory scheme for substitution, as set forth in Mass. G.L. ch. 53 §14, was unconstitutionally vague and violative of the Equal Protection Clause of the Constitution.  *Barr*

*v. Galvin*, 659 F. Supp. 2d 225, 230 (D. Mass. 2009).  The Secretary filed a notice of appeal and the First Circuit heard the case.

On November 16, 2010, the First Circuit issued its decision reversing in part, vacating in part, and remanding the case to the district court.  *Barr v. Galvin*, 626 F.3d 99 (1st. Cir. 2010). At the Secretary's urging, the First Circuit found that "a live dispute remains" because the Libertarians have "a reasonable expectation of being in a position to complain about the lack of a substitution mechanism in future Massachusetts elections." *Id.* at 106.  The First Circuit further found it is "unclear" whether Mass. Gen. Laws ch. 53 §14 applies presidential elections and provides minor parties like the Libertarians with a means to substitute the presidential and vice-presidential candidates chosen at their conventions for those listed on their nomination papers.

*Id.* at 107.  More specifically, the First Circuit stated:

> The statutory text contains two types of imprecision.  First, it refers to candidates seeking "state, city or town office," but provides no further elaboration as to the specific offices that are encompassed within that rubric.  This, in turn, leaves open to question whether candidates for presidential electors (who are, in one sense, candidates for a state office) and, by reference, presidential and vice-presidential candidates, come within its sweep.  Second, section 14 explains that vacancies "may be filled by the same political party or persons who made the original nomination."  In the period leading up to the 2008 election, the LPM did not qualify for recognition as a political party under Massachusetts law.  Still, the reference to "persons who made the original nomination" arguably could apply to the LPM or, alternatively, to the individuals who signed the nomination papers qualifying Phillies and Bennett for inclusion on the ballot.  The text is opaque on this point.

*Id.* at 107.  Rather than resolving the opaqueness of the statute, however, the First Circuit ruled that abstention pursuant to *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941) was the preferable course and that "Massachusetts courts should . . . be afforded the opportunity to address, in the first instance, the question of the statute's application to [minor party] presidential and vice-presidential candidates." *Id.*, 626 F.3d at 108.

On remand, and in accordance with the First Circuit's decision, this Court stayed the claim concerning Mass. Gen. Laws ch. 53 § 14 "pending a state court interpretive clarification of the state statute." *Barr v. Galvin*, 2010 U.S. Dist. LEXIS 132103 (D. Mass. Dec. 13, 2010). In accordance with the foregoing, the Libertarians now request that this Court certify the question regarding the interpretation of Mass. Gen. Laws ch. 53 § 14 to the Supreme Judicial Court.

## QUESTION FOR CERTIFICATION

Whether Mass. Gen. Laws ch. 53 § 14 applies to presidential elections and provides political organizations or minor parties not recognized as "political parties" under Mass. Gen. Laws ch. 50 § 1 with a means to substitute the presidential and vice-presidential candidates chosen at their conventions for those listed on their nomination papers.

## ARGUMENT

### CERTIFICATION IS APPROPRIATE UNDER FIRST CIRCUIT PRECEDENT AND SUPREME JUDICIAL COURT RULE 1:03

Pursuant to First Circuit authority and upon consideration of Massachusetts Supreme Judicial Court Rule 1:03, the district court has broad authority to certify questions to the Supreme Judicial Court. *See Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) ("The district court remains free to ... certify questions to the Supreme Judicial Court, *see* Mass. S.J.C. Rule 1:03 ... as it believes appropriate."). Massachusetts Supreme Judicial Court Rule 1:03 provides that a United States District Court may certify to the Supreme Judicial Court "questions of law of this state which may be determinative of the cause then pending . . . and as to which it appears . . . there is no controlling precedent in the decisions of the [Supreme Judicial Court]." Here, the cause-determinative question of Massachusetts law is whether Mass. Gen. Laws ch. 53 § 14 applies to presidential elections and provides political organizations or minor parties not recognized as "political parties" under Mass. Gen. Laws ch. 50 § 1 with a means to substitute the presidential and vice-presidential candidates chosen at their conventions for those listed on their

nomination papers.  The answer to this question will resolve the only claim remaining before this Court and will provide an answer to a question that has arisen in every one of the last four presidential elections and that the parties and courts agree is likely to recur in each coming presidential election.  Moreover, the Massachusetts Supreme Judicial Court has never addressed the issue, and it is appropriate that it be given the opportunity to do so.  *See Barr*, 626 F.3d at 108 ("The Massachusetts courts should … be afforded the opportunity to address, in the first instance, the question of the statute's application to non-party presidential and vice-presidential candidates.").

Not only is certification appropriate, it is also "prudent" in a case like this.  *See Zecco v. Hess Corp.*, CA No. 10-10319, 2011 WL 832504 at *1 (D. Mass. Mar. 3, 2011) ("The outcome … will most likely be determined by resolution of a question of state law, for which there is no controlling precedent from the Supreme Judicial Court.  It therefore appears prudent to certify the question under the method detailed in Supreme Judicial Court Rule 1:03.") (citing *In re Hundley*, 603 F.3d 95, 97 (1st Cir. 2010)).  In fact, "both the Supreme Court and the First Circuit have clarified that certification of a question to the Supreme Judicial Court of the Commonwealth of Massachusetts is a permissible means of serving the principles of *Pullman* abstention."  *Turner v. City of Boston*, CA No. 10-12276, 2011 WL 379410 at *6 (D. Mass. Feb. 07, 2011) (citations omitted).[2]  *See also* 17A Charles Alan Wright, Arthur R. Miller & Edward

---

[2] While certification is sometimes viewed as an alternative to abstention (see *id.* 2011 WL 379410 at *7), there are a number of cases in which both abstention and certification have been ordered.  *See, e.g., Bellotti v. Baird*, 428 U.S. 132, 134 (1976) (citing *Pullman*:  "[w]e hold that the court should have abstained, and we vacate the judgment and remand the cases for certification of relevant issues of state law to the Supreme Judicial Court, and for abstention pending the decision of that tribunal."); *see also Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 305-306 (1st Cir. 2000) (citing *Pullman* and ordering abstention and certification of a question to the Supreme Court of Puerto Rico); *Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli,* 788 F.2d 47, 51 (1st Cir. 1986) (involving § 1983 action halted under *Pullman* for certification of issue to Rhode Island Supreme Court); *Thompson v. Ramirez*, 597 F.Supp. 727, 729 (D.P.R. 1984) (abstaining pursuant to *Pullman* and certifying questions to the Supreme Court of Puerto Rico).  The confusion regarding certification being an alternative to abstention stems from *dicta* in *Rogers v. Okin*, 738 F.2d 1 (1st Cir. 1984) ("In general, certification serves as a substitute for, not a complement to, abstention.  *See, e.g.*, Bellotti v. Baird, 428 U.S. 132, 150-151, 96 S.Ct. 2857, 2867-68 49 L.Ed.2d 844 (1976).")  In

H. Cooper, *Federal Practice & Procedure* § 4248, p. 483 (3d ed. 2004) ("Certification is a means of getting authoritative answers to state law questions in situations in which *Pullman*-type abstention calls for them…").

Additionally, this case presents a question of utmost importance which is almost certain to become an issue again in the upcoming 2012 presidential election. As the First Circuit stated, the Libertarians have "a reasonable expectation of being in a position to complain about the lack of a substitution mechanism in future Massachusetts elections." *Barr*, 626 F.3d at 106. Indeed, much like in 2008, nomination papers for the 2012 presidential election will become available in February and the Libertarians will hold their national convention in May. Thus, without an authoritative interpretation of ch. 53 § 14, the Libertarians will either have to (1) start collecting signatures in February and then file suit if the candidates chosen at their national convention differ from those listed on their nominating papers or (2) attempt to gather the requisite number of signatures in the abbreviated period of time following their national convention and thereby risk forgoing Massachusetts ballot access altogether. In order to ensure that the issue is resolved for the Libertarians, and all other minor parties seeking access to the Massachusetts 2012 presidential ballot, certification of the question to the Massachusetts Supreme Judicial Court is appropriate. *See, e.g., Planned Parenthood v. Board of Medical Review*, 598 F. Supp. 625, 631 n. 4 (D.R.I. 1984) ("As a partial solution to the delay created by the *Pullman/England* doctrine, the Supreme Court has endorsed the use of state certification procedures where abstention is appropriate.").

---

*Rogers*, the litigation had been on-going for ten years and nine questions had already been certified to the Supreme Judicial Court -- thereby accommodating the state's interests and obviating the need for abstention. Notably, the *Rogers* court's citation to *Bellotti* does not support the proposition that certification is a substitute for abstention; in *Bellotti*, the U.S. Supreme Court ordered both abstention and certification. *See* 428 U.S. at 134.

Nor is there any reason not to certify the question.  While the First Circuit did not certify the question itself, matters of case administration are typically left to the district court upon remand, as they were here.

## **CONCLUSION**

This case is an appropriate candidate for certification not only because of the importance of the issue, the ambiguity in the statute and the lack of state court guidance, but also because the factual record has already been fully developed and the question for certification is one of pure statutory interpretation, which the Supreme Judicial Court as "final arbiter of the meaning of [state] statute[s]" is best suited to answer.  *Barr*, 626 F.3d at 107 (*quoting Acadia Ins. Co. v. McNeil*, 116 F.3d 599, 604 (1st Cir. 1997)).

For the foregoing reasons, Plaintiffs respectfully request that the Court certify to the Supreme Judicial Court the question of whether Mass. Gen. Laws ch. 53 § 14 applies to presidential elections and provides political organizations or minor parties not recognized as "political parties" under Mass. Gen. Laws ch. 50 § 1 with a means to substitute the presidential and vice-presidential candidates chosen at their conventions for those listed on their nomination papers.  Plaintiffs have attached a proposed certification order to their Motion.

Respectfully submitted,

BOB BARR, WAYNE A. ROOT, THE LIBERTARIAN
PARTY OF MASSACHUSETTS, and THE
LIBERTARIAN NATIONAL COMMITTEE, INC.,

By their attorneys,

/s/ *Matthew C. Baltay*
Matthew C. Baltay, Esq., BBO # 638722
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210-2600
(617) 832-1000

John Reinstein, Esq., BBO # 416120
American Civil Liberties Union of Massachusetts
211 Congress St., Suite 300
Boston MA, 02110
Dated: March 16, 2011             (617) 482-3170


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, filed through the CM/ECF system, will be
sent electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are
not served through the CM/ECF system on March 16, 2011.

/s/ *Matthew C. Baltay*
Matthew C. Baltay