```
                    United States District Court
                      District of Massachusetts
 _____
                              )
Bob Barr, Wayne A. Root,      )
Libertarian Party of          )
Massachusetts, and Libertarian)
National Committee, Inc.,     )    Civil Action No.
         Plaintiffs,          )    08-11340-NMG
                              )
         v.                   )
                              )
William F. Galvin, as Secretary)
of the Commonwealth of        )
Massachusetts,                )
         Defendant.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court is plaintiffs' motion to certify a question to the Massachusetts Supreme Judicial Court regarding the interpretation of Mass. Gen. Laws ch. 53, § 14.

I.  **Background**

In September, 2008, this Court entered a preliminary injunction ordering defendant William F. Galvin ("Galvin"), in his capacity as the Secretary of the Commonwealth of Massachusetts, to place the names of Bob Barr ("Barr") and Wayne A. Root ("Root") as the Libertarian candidates for president and vice president, respectively, on the Massachusetts ballot for the 2008 presidential election. In September, 2009, the Court allowed the plaintiffs' motion for summary judgment and entered

-1-

judgment in their favor.  The defendant appealed that determination to the First Circuit Court of Appeals shortly thereafter.

In November, 2010, the First Circuit issued a Judgment in which it, <u>inter</u> <u>alia</u>, 1) determined that Mass. Gen. Laws ch. 53, § 14 is not unconstitutionally vague but does require state court interpretive clarification and 2) remanded the case to this Court with instructions to effect <u>Pullman</u> abstention on the "void for vagueness" claim and dismiss what remained of the action without prejudice.  Accordingly, this Court entered an Order in which it abstained on the claim of "void for vagueness", thereby staying that claim pending a state court interpretive clarification of the state statute, and dismissed all other claims without prejudice.

In March, 2011, plaintiffs moved to certify a question to the Massachusetts Supreme Judicial Court ("SJC") regarding the interpretation of Mass. Gen. Laws ch. 53, § 14, arguing, in part, that the First Circuit Court of Appeals indicated in its Judgment that Massachusetts courts should be afforded the opportunity to interpret the statute in the first instance.  Defendant opposed the motion which is pending before the Court.

## II. **Motion to Certify**

### A.   **Standard**

A federal court may certify a question of state law to the

SJC where it finds no controlling precedent and where the question may be determinative of the pending cause of action. Mass. S.J.C.R. 1:03; see also In re Hundley, 603 F.3d 95, 98 (1st Cir. 2010) (per curiam) (citations omitted) (certifying question sua sponte).

**B.   Application**

In the instant action, this Court must act in accordance not only with the standard applicable to certification but also with the decision of the First Circuit.  Because the First Circuit clearly ordered this Court to abstain under the Pullman doctrine, this Court will deny plaintiffs' motion for certification.

In its decision, the First Circuit held that the relevant state statute:

> is in need of interpretive clarification.  Pursuant to principles of Pullman abstention, that interpretation should be effected by the Massachusetts courts.

Although the First Circuit acknowledged the lack of a pending state court proceeding, it referred to the "anticipated state-court action" and repeatedly remarked upon the substantial time available for such an action:

> Especially given the lack of urgency - the next presidential election is almost two full years away - we think that the needed interpretation is a task for which the state courts, as the ultimate arbiters of state-law questions, are better suited. . . . As noted above, the next presidential election is nearly two years distant, and thus we find that any delay in obtaining relief pending state court adjudication would impose no onerous burden upon the parties. . . . There is no election on the horizon, and the appellees have ample time to litigate the validity of the Secretary's position in the

-3-

> state courts. . . . There is plenty of time in which to obtain such an interpretation: the run-up to the next presidential election has barely begun.

(citations omitted).

In addition, the First Circuit "has discretion to certify questions to the SJC when a party fails to move for certification in the district court, or to do so sua sponte." Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate Info. Serv., 608 F.3d 110, 119 n.2 (1st Cir. 2010) (citations omitted). The First Circuit here, however, neither certified a question to the SJC nor ordered this Court to do so, as it has in other cases. See, e.g., Horta v. Sullivan, 4 F.3d 2, 25-26 (1st Cir. 1993) (certifying question to SJC); Muniz-Olivari v. Stiefel Labs., Inc., 496 F.3d 29, 41 (1st Cir. 2007) (ordering district court to certify on remand). Moreover, certification "serves as a substitute for, not a complement to, abstention." Rogers v. Okin, 738 F.2d 1, 5 (1st Cir. 1984) (citation omitted); see Turner v. City of Boston, 2011 WL 379410, *2-7 (D. Mass. Feb. 7, 2011) (discussing Pullman abstention and certification as alternatives to one another and determining certification was more appropriate).

By ordering this Court to abstain under the Pullman doctrine and stressing the abundant time available in which the parties may seek interpretation of the relevant statute in the "Massachusetts courts", the First Circuit indicated that the

parties should seek that interpretation by filing a separate action in state court rather than by certification to the SJC.[1] This Court will, therefore, deny plaintiffs' motion to certify a question to the SJC.

**ORDER**

In accordance with the foregoing, plaintiffs' motion to certify a question to the Massachusetts Supreme Judicial Court (Docket No. 55) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 14, 2011

---

[1] Judge Selya, who authored the First Circuit's Judgment in this case, has criticized publicly the practice of certification. See Bruce M. Selya, Certified Madness: Ask a Silly Question, 29 Suffolk U.L.Rev. 677 (1995) (criticizing certification as practice that does not achieve goals of improved federalism, judicial efficiency or fairness). It therefore seems unlikely that he intended this Court to certify a question to the SJC absent an explicit order to do so. In addition, at least one court in this district has declined to certify a question, relying in part on Judge Selya's article. See Flebotte v. Dow Jones & Co., Inc., 51 F. Supp. 2d 36, 44-45 (D. Mass. 1999) (Freedman, J.).